**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

RHONDA STONE,                                    *
                                                 *
                      Plaintiff,                 *
v.                                               *
                                                 *
KILOLO KIJAKAZI,                                 *          No. 3:22-cv-00306-JJV
Acting Commissioner,                             *
Social Security Administration,                  *
                                                 *
                      Defendant.                 *

## MEMORANDUM AND ORDER

Plaintiff, Rhonda Stone, has appealed the final decision of the Commissioner of the Social

Security Administration to deny her claim for period of disability, disability insurance benefits,

and widow's insurance benefits.  Both parties have submitted appeal briefs and the case is ready

for a decision.

A court's function on review is to determine whether the Commissioner's decision is

supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v.*

*Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3).   Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402

U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts

from the Commissioner's decision as well as evidence that supports it; a court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*,

3 F.3d 1210, 1213 (8th Cir. 1993).  After careful review of the pleadings and evidence in this case,

I find the Commissioner's decision is supported by substantial evidence and the Complaint should be DISMISSED.

Plaintiff is sixty years old.  (Tr. 37.)  She has an associate degree in criminal justice and past relevant work as a quality control clerk.  (Tr. 38, 20.)

The Administrative Law Judge[1] (ALJ) found Ms. Stone had not engaged in substantial gainful activity since November 28, 2020 – the alleged onset date.  (Tr. 13.)  She has "severe" impairments in the form of "right wrist fracture, status post open reduction and internal fixation (ORIF); right ankle osteoarthritis; lumbar spine fracture, status-post surgical repair; left carpal tunnel syndrome, status-post carpal tunnel release; chronic obstructive pulmonary disease (COPD); and bilateral hearing loss."  (*Id.*)  The ALJ further found Ms. Stone did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 15-16.)

The ALJ determined Ms. Stone had the residual functional capacity (RFC) to perform a reduced range of light work given her limitations.  (Tr. 16.)  The ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. Based in part on the testimony of the vocational expert, (Tr. 47-51), the ALJ determined Ms. Stone could perform her past relevant work as a quality control clerk.  (Tr. 20.)  Accordingly, the ALJ determined Ms. Stone was not disabled.  (Tr. 20-21.)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her complaint, Plaintiff argues that the ALJ failed to consider the opinion of her treating physician, Navin Mangroo, D.O.  (Doc. No. 14 at 27-29.)  She says:

> There is no discussion whatsoever in the ALJ's written decision of Dr. Mangroo's opinion regarding Stone's ambulatory limitations. He did not state that Dr. [Mangroo] based his opinion solely on Stone's subjective complaints or that the limitation was inconsistent with the objective medical evidence. He did not even offer a conclusory statement that Dr. Mangroo's opinion was unreliable. Rather, the ALJ's written decision simply ignores the limitation Dr. Mangroo placed on Stone's ability to walk. This is reversible error under [*Walker v. Commissioner, Social Security*, 911 F.3d 550 (8th Cir. 2018)].

(*Id.* at 29.)

Dr. Mangroo provided a letter dated June 21, 2022, and a Certification Form for Issuance of a Special License Plate or Certificate for the Disabled.  (Tr. 1309,1310.)  Dr. Mangroo stated:

> Rhonda Stone is a patient who has been under my care since 08/13/2021. She has chronic pain in her back, multiple joints and right ankle. She receives pain management services through Northeast Arkansas Pain Clinic and is also followed by Orthopedic physicians at Dickson's Orthopedics in Jonesboro. Currently being treated by podiatrist Dr Michael Haughey. Ms[.] Stone has stated that she was involved in an MVA 11/28/21 in which she suffered multiple fractures throughout her body. She was hospitalized from 11/28/20 to 12/12/20. She states that she has not been able to work since her MVA due to her having chronic pain from her injuries.

(Tr. 1309.)

It is correct the ALJ did not address the opinions of Dr. Mangroo.  (Tr. 10-21.)  And he should have.  However, I am unable to find reversible error here.  I agree with the Commissioner's point that the issue of disability is reserved for her.  (Doc. 16 at 11-12.)  But more importantly, as the Commissioner points out in her brief, Dr. Mangroo's opinions are of very little evidentiary

value.  His letter is very largely based on Plaintiff's subjective allegations.  And the  form for issuance of a special license plate is simply irrelevant.

The United States Court of Appeals for the Eighth Circuit has reiterated:

Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2).  Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight.  *Id.*  "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted).  Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion.  20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Accordingly, in accordance with *Anderson*, I find Plaintiff's argument to be without merit.

I also find no error with the ALJ's RFC assessment and consideration of her subjective symptoms.     (Doc. No. 14 at 29-37.)   Consideration of Plaintiff's subjective symptoms is an important part of the ALJ's RFC assessment.  Regarding her subjective symptoms, the ALJ stated, *inter alia*:

As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent with the objective medical evidence. Notably, the medical evidence documents a lumbar fracture with surgical repair, right wrist fracture with surgical repair, carpal tunnel syndrome of the left wrist and right ankle osteoarthritis (Exhibits 6F; 12F/11; 13F/17; 14F/4; 15F/8; 19F). However, the medical evidence also documents gradual improvement of her condition. She has undergone surgical and conservative treatment with reported relief. An office visit on April 6, 2021, indicated improvement in right foot and normal gait. In July 2021, she reported back pain without radiation to extremities; yet straight leg raise tests were negative bilaterally, with no difficulty transferring from a sitting position to the examination table. She had no sensory deficits except some diminished light touch light hand (Exhibit 16F/16-17). By January 13, 2022, she admitted doing much better. She recovered after her surgical procedure and was able to walk her normal activities and normal shoe gear. Pain management in recent treating notes has indicated good hand grip (Exhibit 15F/8). She was noted to be neurovascularly intact in November 2021 (Exhibit 15F/2). Thus, the claimant's

testimony is noted to be overly restrictive and not supported by the medical evidence of record.

(Tr. 19.)

After careful review, I find the ALJ's RFC assessment is supported by substantial evidence. The medical evidence supports the ALJ's conclusion that she could perform a reduced range of light work activities. The ALJ relied on the opinions of William Harrison, M.D., (Tr. 53-78), and Lisa Lowery, M.D., (Tr. 83-102), who both concluded Plaintiff could perform work at the light exertional level. While I realize Drs. Harrison and Lowery did not have the opportunity to examine or treat Plaintiff, they did review Ms. Stone's medical records in rendering their opinions. Their opinions constitute substantial evidence upon which the ALJ could rely. There is no basis to find fault in their well supported conclusions.

Without question, Plaintiff suffers from some degree of pain and limitation. However, she has failed to meet her burden of proving she is *completely disabled*. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The overall medical evidence provides substantial support for the ALJ's RFC assessment in this case.

I realize there is some evidence in the record to support Plaintiff's claims. Plaintiff's counsel makes compelling arguments, and I am sympathetic to Ms. Stone's claims. I recognized the serious nature of Plaintiff's injuries from her motor vehicle accident. However, the objective

medical records simply fail to show an inability to perform work related activities at the light exertional level.

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

Ms. Stone's counsel has done an admirable job advocating for her. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 20th day of June 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE